[No. B051731. Second Dist., Div. Seven. Feb. 18, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
JUAN ANDRES GONZALEZ, Defendant and Appellant.

COUNSEL

Estelle A. Schleicher, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Acting Assistant Attorney General, William T. Harter and Carol Frederick Jorstad, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

WOODS (Fred), J.—Pursuant to a plea bargain with the district attorney, approved by the trial court (Pen. Code,[1] § 1192.5), appellant pleaded guilty to second degree murder (§ 187) and admitted a gun-use allegation (§ 12022.5). The plea bargain specified a 15-year-to-life sentence, the admitted gun-use allegation to be stayed by the trial court. In accordance with

---

[1]Statutory references, unless otherwise indicated, are to the Penal Code.

the plea bargain, on January 4, 1990, the trial court sentenced appellant to a 15-year-to-life state prison term. This appeal followed.[2] (§ 1237.5.)

Appellant urges seven grounds for reversal, including an inadequate factual basis for his guilty plea and ineffective assistance of counsel. We find all of his contentions either without merit or not cognizable. We affirm the judgment.

### DISCUSSION

1. *Section 1237.5 appeal: limited review*

As here applicable, section 1237.5 provided: "No appeal shall be taken by a defendant from a judgment of conviction upon a plea of guilty . . . except where the defendant has filed as part of the notice of appeal a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds *going to the legality of the proceedings.*" (Italics added.)

This statute not only conditions such "guilty plea appeals" upon the filing of the specified "written statement" but limits the scope of such appeals to "grounds going to the legality of the proceedings."

As *People* v. *Turner* explained: "[A] guilty plea constitutes an admission of every element of the offense charged and constitutes a conclusive admission of guilt. . . . It waives a trial and obviates the need for the prosecution to come forward with any evidence. . . . A guilty plea thus concedes that the prosecution possesses legally admissible evidence sufficient to prove defendant's guilt beyond a reasonable doubt. Accordingly, a plea of guilty waives any right to raise questions regarding the evidence, including its sufficiency or admissibility, and this is true whether or not the subsequent claim of evidentiary error is founded on constitutional violations. . . . By pleading guilty a defendant 'waive[s] any right to question how evidence had been obtained just as fully and effectively as he waive[s] any right to have his conviction reviewed on the merits.' . . .

"A guilty plea also waives any irregularity in the proceedings which would not preclude a conviction. . . . Thus irregularities which could be

---

[2]Appellant's first notice of appeal, timely filed February 22, 1990, failed to include "a written statement . . . showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings." (§ 1237.5.) Appellant's second notice of appeal, *untimely* filed June 13, 1990, included the required written statement. On August 3, 1990, we granted appellant's petition and permitted his June 13, 1990, notice of appeal to be accepted by the court clerk.

cured, or which would not preclude subsequent proceedings to establish guilt, are waived and may not be asserted on appeal after a guilty plea. In other words, by pleading guilty the defendant admits that he did that which he is accused of doing and he thereby obviates the procedural necessity of establishing that he committed the crime charged. In short, a guilty plea 'admits all matters essential to the conviction.' . . . A defendant thereafter can raise only those questions which go to the power of the state to try him despite his guilt. In other words, in the language of the statute, defendant can only raise 'grounds going to the legality of the proceedings.' (§ 1237.5.)" (*People* v. *Turner* (1985) 171 Cal.App.3d 116, 125-126 [214 Cal.Rptr. 572], citations omitted.)

### 2. *Factual basis for the plea*

As we have indicated, appellant pleaded guilty pursuant to section 1192.5. In pertinent part the section provides: "The court shall also cause an inquiry to be made of the defendant to satisfy itself that the plea is freely and voluntarily made, *and that there is a factual basis for such plea.*" (Italics added.)

Appellant makes several arguments involving this "factual basis" requirement.

■ First, appellant suggests the statute "required that inquiry be made '*of the defendant.*' " But since appellant impliedly abandoned that argument by acknowledging "a trial court can satisfy the inquiry requirement by a variety of means," we need not consider it. (There is no such requirement. See *People* v. *Watts* (1977) 67 Cal.App.3d 173, 179-180 [136 Cal.Rptr. 496]; *People* v. *McGuire* (1991) 1 Cal.App.4th 281, 283 [1 Cal.Rptr.2d 846].)

■ Second, appellant contends there was an inadequate factual basis for the plea. This contention is without merit.

Appellant filled out, initialled, and signed a two-page superior court guilty plea form which included the following: "18. I offer to the court the following as the basis for my plea of guilty: Factual Basis—On 1/21/89, [defendant] shot his fiancée Rosie Garcia. The homicide appears to be a culpable homicide and Deft was held to answer on a charge of 187 P.C. in the 2nd Degree." Additionally, appellant's trial counsel stipulated there was a factual basis for the plea and further stipulated the court could consider both the probation report and preliminary hearing transcript in determining the factual basis for the plea.

The trial court accepted the stipulation. Since its file contained the preliminary hearing transcript "it may be presumed that the trial court had this

information before it . . . ." (*People* v. *Watts, supra*, 67 Cal.App.3d 173, 181.)

Without belaboring the matter, the preliminary hearing evidence showed the following: On January 21, 1989, appellant "was in the living room watching T.V. and was brooding over the fact that the victim [his fiancée] was in the process of leaving [him]." He went into the bedroom where the victim was sleeping, picked up his loaded and cocked .357 magnum from the night table and "to impress on his fiancée [ ] that she was not going to leave . . . it was his intent to fire the weapon into the east wall to more or less scare [her], however, she was subsequently shot." The victim was standing, or partly standing, when appellant shot her once in the left eye. The bullet exited her neck.

The preliminary hearing magistrate found this evidence sufficient to hold appellant to answer for second degree murder. The trial court (Superior Court Judge Alfonso M. Bazan) found it sufficient for appellant to be tried for first degree murder, denying appellant's section 995 motion.

There was an adequate factual basis for the plea.

■ Third, anomalously, appellant argues the trial court should have treated his statements to the probation officer (claiming the shooting was accidental) as a motion to withdraw his guilty plea. The argument does not bear scrutiny.

Section 1018 provides that "on *application* of the defendant . . . the court may . . . for a good cause shown, permit the plea of guilty to be withdrawn . . . ." (Italics added.) Appellant, who addressed the trial court at length before it imposed sentence, had full opportunity to make such application. Obviously, appellant's counsel also had such opportunity. No application was made. The decision whether or not to request withdrawal of a guilty plea is one for a defendant and his counsel, not the trial court. The argument is unfounded.

3. *Admissibility of appellant's extrajudicial statements*

■ Appellant contends his extrajudicial statements (admitted at his preliminary hearing) were inadmissible and should not have been considered by the trial court in determining the factual basis for his plea.

We do not consider the merits of this argument because by pleading guilty appellant waived this issue. (*People* v. *DeVaughn* (1977) 18 Cal.3d 889, 896

[135 Cal.Rptr. 786, 558 P.2d 872]; *People v. Turner, supra,* 171 Cal.App.3d 116, 127.)

## 4. *Marsden hearing*

■ Appellant contends the trial court had a duty to initiate a *Marsden* hearing (*People v. Marsden* (1970) 2 Cal.3d 118 [84 Cal.Rptr. 156, 465 P.2d 44]) when, at the sentence hearing, during his protracted statement to the court he remarked: "I don't want to be offensive about it or anything else, I don't think he [defense counsel] did anything to understand this case or understand this gentleman, here, which is myself, about this case." Appellant is mistaken.

When a defendant seeks to relieve his court appointed attorney the court has a duty to listen to his reasons. (2 Cal.3d at p. 123.) Appellant, by his comment, however unflattering, did not seek to relieve his counsel (retained, not court appointed). To trigger a *Marsden* hearing more than a disparaging word about counsel is required. Additionally, since "[t]he claimed *Marsden* error does not go to the legality of the proceedings resulting in the plea" the issue is not cognizable. (*People v. Lobaugh* (1987) 188 Cal.App.3d 780, 786 [233 Cal.Rptr. 683].)

## 5. *Trial court's discretion to disapprove the plea bargain*

In pertinent part section 1192.5 provides: "If the court approves of the plea, *it shall inform the defendant prior to the making of the plea that (1) its approval is not binding,* (2) it may, at the time set for the hearing . . . withdraw its approval in the light of further consideration of the matter, and (3) in such case, the defendant shall be permitted to withdraw his plea if he desires to do so." (Italics added.)

■ The trial court failed to inform appellant as required by section 1192.5. Based upon this failure, appellant argues the trial court was unaware it could disapprove the plea bargain. Further, he argues, the trial court, being thus unaware, failed to exercise its discretion to permit appellant to withdraw his guilty plea.

The argument is meritless.

The subject provision is for the benefit of the trial court: to ensure that if an indicated sentence, "in the light of further consideration," is inappropriate, the trial court may retract its approval of the plea bargain. In that event, but *only* in that event, a defendant has a right to withdraw his guilty plea.

Here, the trial court did not withdraw its approval of the plea bargain but rather fully implemented it. There is nothing in the record to suggest the trial court was unaware of its authority and discretion under section 1192.5.

Any error in the trial court's notification omission was harmless (*People* v. *Walker* (1991) 54 Cal.3d 1013, 1023 [1 Cal.Rptr.2d 902, 819 P.2d 861]), and not being objected to, was waived. (*Ibid.*)

### 6. *Trial court discretion to dismiss the charge*

■ Appellant contends the judgment must be reversed because the trial court was unaware it had discretion to dismiss the charge.

The contention is both unfounded and not cognizable.

At the sentence hearing, the trial court referred to its lack of discretion. Its comments, entirely accurate, were based upon the sentence required when a defendant stands convicted of murder with a firearm. There is nothing in the context of the court's remarks suggesting a reference to a dismissal in furtherance of justice (§ 1385). Appellant's inference the trial court was unaware of its dismissal discretion is without foundation. Moreover, since the contention does not go "to the legality of the proceedings," it is not cognizable. (*People* v. *Lopez* (1988) 198 Cal.App.3d 135, 140 [243 Cal.Rptr. 590].)

### 7. *Prosecutorial discretion to charge appellant with first degree murder*

■ Appellant contends the People abused its discretion by charging him with first degree murder.

This contention was made in appellant's section 995 motion and rejected by the trial court. Because it does not go "to the legality of the proceedings" (§ 1237.5) it is not cognizable on this appeal. (*People* v. *Kaanehe* (1977) 19 Cal.3d 1, 9 [136 Cal.Rptr. 409, 559 P.2d 1028].) Furthermore, the issue is moot since appellant pleaded guilty to *second* degree murder.

### 8. *Effective assistance of counsel*

Appellant contends he was denied effective assistance of counsel.

■ "Competency of counsel issues usually involve factual questions which are more appropriately raised in a petition for writ of habeas corpus. Such claims are cognizable on appeal *where there is an adequate record for review.*" (*People* v. *Everett* (1986) 186 Cal.App.3d 274, 279 [230 Cal.Rptr. 604], italics added.)

■ Appellant claims the instant record demonstrates ineffective assistance of counsel for two reasons: first, because "[t]here is no conceivable tactical reason to not challenge admissibility of the interrogation results" and second, because counsel did not move to withdraw the guilty plea. We disagree.

Appellant had two different attorneys. At the preliminary hearing he was represented by Mr. Robert K. Holmes. In the superior court, having relieved Mr. Holmes, appellant was represented by Mr. Charles L. Lindner.

At the preliminary hearing Mr. Holmes objected on constitutional grounds to the admissibility of both appellant's prearrest statements to Officer Smith and his postarrest statements to Detective Straus. The objections were overruled. In superior court Mr. Lindner renewed those objections in his section 995 motion, filing a 26-page memorandum of points and authorities. The motion was denied.

Appellant fails to make clear how—short of going to trial—defense counsel should have "challenged [the] admissibility" of his extrajudicial statements. His significant statements were made to Detective Straus after a full *Miranda* advisement and waiver. The entire interrogation was tape-recorded. Since there is no suggestion that these statements were the product of an unlawful arrest or search, they were not subject to a section 1538.5 motion. Therefore, absent some *stipulation* that admissibility could be determined pretrial (e.g., at an Evid. Code, § 402 hearing), to further challenge the admissibility of the statements required *a trial*. Of course, if defense counsel had obtained a pretrial determination concerning admissibility and that determination was *admissible*—then, prosecution risks having been reduced, the plea bargain might have been jeopardized.

By this discussion we do not mean to suggest "why counsel acted or failed to act in the manner challenged." (*People* v. *Pope* (1979) 23 Cal.3d 412, 426 [152 Cal.Rptr. 732, 590 P.2d 859, 2 A.L.R.4th 1].) Counsel was not asked and did not say. As our Supreme Court has recently repeated (quoting *People* v. *Pope*): " 'unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation,' the claim on appeal must be rejected." (*People* v. *Wilson* (1992) 3 Cal.4th 926, 936 [13 Cal.Rptr.2d 259, 838 P.2d 1212].)

■ Appellant's second reason amounts to a claim counsel was incompetent to recommend he plead guilty to second degree murder. The claim is unsupported.

Appellate counsel—three years after judgment, all uncertainties settled, all risks resolved—may fault a second degree murder, fifteen-year-to-life, guilty

plea. But it was trial counsel who, *before* that plea, had to weigh the risks of a *first* degree murder conviction with a 25-year-to-life sentence, or a second degree gun-use murder conviction with a 17-year-to-life sentence. Trial counsel, not appellate counsel, reviewed the prosecution evidence, interviewed appellant, considered possible defenses, and assessed probable trial outcomes. There is nothing in the record to suggest trial counsel's plea advice was not competent.

Appellant's contention is not well taken.

DISPOSITION

The judgment is affirmed.

Lillie, P. J., and Johnson, J., concurred.