Filed 10/29/14  P. v. Dennis CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B252847 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA095102) |
| v. | |
| JESSIE L. DENNIS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Arthur Jean, Judge.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Appellant Jessie L. Dennis pled no contest to one count of vandalism over $400 in violation of Penal Code[1] section 594, subdivision (a) and two counts of assault with a deadly weapon in violation of section 245, subdivision (a)(1). Appellant entered his plea on October 11, 2013, and was sentenced the same day. The trial court sentenced him to the upper term of three years in state prison for the vandalism conviction and imposed concurrent three- year terms for the assault convictions.

On October 15, 2013, appellant filed a motion to withdraw his plea on several grounds, including duress and ineffective assistance of counsel. On November 7, 2013, appellant filed a notice of appeal and request for a certificate of probable cause. The certificate of probable cause claimed duress and ineffective assistance of counsel in connection with the plea.

On November 26, 2013, the superior court denied appellant's request for a certificate of probable cause.

On December 4, 2013, the superior court conducted a hearing on appellant's motion to withdraw his plea. The court denied the motion.

On January 27, 2014, appellant's trial counsel filed a new application for certificate of probable cause. This application was also denied by the trial court.

Fact Background[2]

In January 2013, Tondra Cooper went to appellant's residence on East Louse Street in Long Beach. The two had been raised like brother and sister. Shortly after Cooper arrived, she and appellant got into a verbal argument. Each got into his or her

---

[1] All further statutory references are to the Penal Code unless otherwise specified.
[2] Because appellant pled no contest, the factual background is taken from the preliminary hearing transcript.

2

car. According to Cooper, appellant started to drive away, then turned around and drove head-on toward Cooper's car. Cooper swerved to avoid him and ran into a utility truck. Appellant got out of his car, got a tire iron from his trunk and broke the rear and driver's side windows of Cooper's car.

Discussion

Appellant filed a timely notice of appeal, and we appointed counsel to represent him on appeal. Appellant's counsel filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, and requested this court to independently review the record on appeal to determine whether any arguable issues exist.

On June 10, 2014, we advised appellant he had 30 days in which to personally submit any contentions or issues which he wished us to consider. On July 9, 2014, we received a supplemental brief from appellant. In this brief, he alleges various errors arising before his no contest plea and also contends his trial counsel "pressured [him] under duress" to take the plea bargain.

We have examined the entire record and are satisfied appellant's attorney has fully complied with his responsibilities and no arguable issues exist. (*People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

Appellant has not obtained a certificate of probable cause, and so his claims may not be considered on appeal. This includes his claim that he was under duress when he entered into the plea agreement.[3] It has long been established that issues going to the validity of a plea require compliance with section 1237.5. (*People v. McEwan* (2007) 147 Cal.App.4th 173, 178 [citing cases holding that claims that plea was induced by misrepresentations, obtained while defendant was mentally incompetent and lacked

---

[3] We note the record shows that before appellant entered his plea, appellant's counsel told the court, "I did advise him he would be accepting a plea to two strikes over my advice. I don't think it's in his best interest to plead to two strikes . . ."

warning about lack of appealability all require certificate of probable cause].)

Even if appellant had obtained such a certificate, a guilty plea "'waives any right to raise questions regarding the evidence, including its sufficiency or admissibility, and this is true whether or not the subsequent claim of evidentiary error is founded on constitutional violations. . . .'" (*People v. Gonzalez* (1993) 13 Cal.App.4th 707, 713.) "'A guilty plea also waives any irregularity in the proceedings which would not preclude a conviction. . . . Thus irregularities which could be cured, or which would not preclude subsequent proceedings to establish guilt, are waived and may not be asserted on appeal after a guilty plea.'" (*Id.* at pp. 713-714.) Accordingly, appellant's no contest plea waived his claims that (1) there was perjury in the court transcript, police reports and preliminary hearing testimony; (2) his attorney incorrectly advised him of his options for starting trial and failed to subpoena witnesses for trial; (3) his attorney never advised him in writing of the charges against him; and (4) there is insufficient evidence of assault by vehicle.

Appellant's claim that his attorney violated his rights by not filing a motion pursuant to section 1538.5 was also waived by his no contest plea. There is an exception to the certificate of probable cause requirement for "matters involving a search or seizure whose lawfulness was contested pursuant to section 1538.5. [Citations.]" (*People v. Mendez* (1999) 19 Cal.4th 1084, 1096.) However, appellant's claim does not fall within this exception, since no motion was filed.[4]

---

[4]    We note there is nothing in the record before us to show that any evidence was obtained by a search or seizure, which would make it impossible for us to evaluating appellant's claim of ineffective assistance even if it were properly before us.

Disposition

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

MINK, J.[*]

We concur:

TURNER, P.J.

KRIEGLER, J.

---

[*]     Retired judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.