Filed 7/1/24

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>RICHARD ANTHONY RODRIGUEZ,<br><br>      Defendant and Appellant. | 2d Crim. No. B328179<br>(Super. Ct. No. 16F-01984)<br>(San Luis Obispo County) |

   In 2016, Richard Anthony Rodriguez pleaded guilty to attempted murder (Pen. Code, §§ 664, 187, subd., (a)[1]) and admitted a prior strike for assault with a deadly weapon with great bodily injury (§ 245, subd. (a)(1)).  In 2021, he petitioned for resentencing (§ 1172.6[2]).  His petition was denied after an evidentiary hearing.

---

   [1] Further statutory references are to the Penal Code.

   [2] Section 1170.95 was recast as section 1172.6 without substantive changes.  (*People v. Delgadillo* (2022) 14 Cal.5th 216, 223, fn. 3.)

Appellant contends the trial court: (1) failed to act as an independent fact finder, (2) applied the wrong burden of proof, and (3) these prejudicial errors violated his federal constitutional due process rights. He asserts if the trial court had properly weighed the evidence and held the prosecution to the correct standard of proof there is a reasonable probability he would be found not guilty of attempted murder because he lacked specific intent to kill. We disagree.

Appellant's guilty plea admitted every element of attempted murder. "Indeed, it serves as a stipulation that the People need introduce no proof whatever to support the accusation." (*People v. Chadd* (1981) 28 Cal.3d 739, 748.) Evidence contradicting his admission was, therefore, irrelevant. The only issue that remained to be determined at the evidentiary hearing was whether intent was imputed to him because he aided and abetted an accomplice in the perpetration of a different crime, or whether he was the sole perpetrator whose intent was personal to him. Once it was shown appellant was the undisputed sole perpetrator, the trial court correctly found his intent to kill was personal (*People v. Hurtado* (2023) 89 Cal.App.5th 887 (*Hurtado*)) and denied relief. We will affirm.

FACTUAL AND PROCEDURAL BACKGROUND

About a month after breaking up with his girlfriend, appellant saw her in the passenger seat of a car stopped at a red light. He pulled alongside the car, leaned over, pointed a gun towards the car's driver's side window, and fired one shot. He immediately drove away. There was no damage to either car and no one was injured.

Appellant was charged with four counts: (1) attempted murder of two individuals with malice aforethought (§§ 664/187,

subd. (a)), (2) stalking (§ 646.9, subd. (a)), (3) assault with a firearm (§ 245, subd. (a)(2)), and (4) felony criminal threats (§ 422, subd. (a)). As to count 1, the complaint alleged a principal personally used (§ 12022.53, subds. (b), (e)(1)) and discharged (*id.*, subds. (c), (e)(1)) a firearm. As to count 2, it alleged appellant personally used a firearm (§§ 1203.06, subd. (a)(1); 12022.5, subd. (a)). The complaint further alleged he had suffered a prior serious or violent felony conviction (§§ 667, subds. (a), (d), (e), 667.5, subd. (b), 1170.12, subds. (b), (c)).

Appellant waived a preliminary hearing and accepted a plea deal. He pleaded guilty to attempted second degree murder (count one) and admitted the strike prior. The trial court sentenced him to the middle term of seven years doubled for the strike prior, for a total of 14 years.[3]

After appellant petitioned for resentencing under section 1172.6, the trial court appointed counsel. The prosecution conceded appellant's petition set forth a prima facie case because the plea occurred early in the proceedings and the record of conviction was limited. The trial court conducted an evidentiary hearing. Eight witnesses testified, including appellant who testified he was alone when he fired a gun into the air over the roof of the car but did not aim at anyone.

The trial court received post-hearing briefing and heard additional arguments, including defense counsel's contention that

---

[3] Although the abstract of judgment and reporter's transcript show a guilty plea to attempted second degree murder, attempted murder is not divided into degrees. (*People v. Favor* (2012) 54 Cal.4th 868, 876-877.) Instead, because appellant did not admit the attempted murder was willful, deliberate, or premeditated, the sentencing triad was 5, 7, or 9 years rather than life with the possibility of parole. (*Ibid.*; § 664, subd. (a).)

a section 1172.6 evidentiary hearing is "basically a trial de novo where the People have to prove intent to kill."

The trial court denied the petition. It explained, "I just don't think that I can retry what [appellant] want[s] me to retry, which is what [appellant] actually did that day. I think the question is whether [appellant] could have been convicted, natural and probable consequences; that was not what this case was about. It never was." It found appellant was "the sole perpetrator of the events that led to his conviction, which was by his plea to a plea bargain, [and] that precludes [the trial court] from making findings regarding what he actually did that day in terms of [firing the gun] over the [vehicle] roof or not."

## DISCUSSION

Appellant contends "because [he] made no admissions at the time of his plea other than pleading guilty, the prosecution needed to prove [he] personally harbored malice, which it did not do." He asserts the denial of his petition must be reversed because the trial court failed to retry the facts of the case to determine whether the prosecution proved every element of attempted murder beyond a reasonable doubt. The Attorney General contends the judgment should be affirmed because appellant admitted he was the sole perpetrator and any misstatement by the trial court in describing its ruling was necessarily harmless. We conclude the Attorney General is correct.

Attempted murder is defined as a "'specific intent to kill and the commission of a direct but ineffectual act toward accomplishing the intended killing.'" (*People v. Falaniko* (2016) 1 Cal.App.5th 1234, 1242-1243.) A specific intent to kill requires express malice. (*Zemek v. Superior Court* (2020) 44 Cal.App.5th

4

535, 548.)  Implied malice cannot support a conviction of attempted murder.  (*People v. Bland* (2002) 28 Cal.4th 313, 327.)  Prior to the enactment of Senate Bills Nos. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015) and 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551, § 2), the natural and probable consequences doctrine provided an avenue for finding an aider and abettor acted with malice.  (*People v. Clements* (2022) 75 Cal.App.5th 276, 290 (*Clements*).)  Under this doctrine, an aider and abettor who lacked a specific intent to kill could be found guilty of attempted murder solely due to their participation in a different target crime, if attempted murder was the natural and probable consequence of the target crime.  (*People v. Gentile* (2020) 10 Cal.5th 830, 844.)

Senate Bill No. 1437 eliminated "natural and probable consequences liability for murder as it applies to aiding and abetting."  (*People v. Lewis* (2021) 11 Cal.5th 952, 957.)  The bill also created a procedural mechanism for defendants who could not be convicted of murder under the amended laws to seek retroactive relief.  (§ 1172.6, subd. (a)(1)-(3); *Lewis,* at p. 957.*)*  Senate Bill No. 775 expanded the class of defendants entitled to relief to those convicted of attempted murder under the natural and probable consequences doctrine.  (§ 1172.6, subd. (a)(1); see *People v. Delgadillo*, *supra,* 14 Cal.5th at p. 223, fn. 3, [identifying changes in Sen. Bill No. 775].)

Section 1172.6 permits a defendant convicted of attempted murder under the natural and probable consequences doctrine to petition for resentencing.  If the petitioner makes a prima facie case for relief, the trial court issues an order to show cause and holds an evidentiary hearing where the prosecutor and petitioner may offer new or additional evidence.  The trial court may

consider evidence previously admitted "including . . . , stipulated evidence, and matters judicially noticed."  (§ 1172.6, subd. (d)(3).)  The prosecution has the burden of proving beyond a reasonable doubt the petitioner is guilty of attempted murder under the amended law.  (*Ibid*.; see also *People v. Hill* (2024) 100 Cal.App.5th 1055, 1065-1066.)  The trial court acts as an independent fact finder to determine whether the prosecution has met its burden (*id.*, at p. 1066) but the trial court's factual determinations are limited to "issues made relevant by the changes to the law effected by [the amendments]."  (*Gomez v. Superior Court* (2024) 100 Cal.App.5th 778, 787 (*Gomez*).)

A section 1172.6 petition for resentencing is a continuation of the petitioner's underlying criminal proceeding (*Gomez*, *supra*, 100 Cal.App.5th at p. 787) and applies "only to attempted murders based on the natural and probable consequences doctrine."  (*People v. Coley* (2022) 77 Cal.App.5th 539, 548.)  It does not permit "'litigat[ing] anew' any trial issues or allowing 'a petitioner to challenge any aspect of the factfinding from the original trial that [they] wish[] to revisit.'"  (*People v. Curiel* (2023) 15 Cal.5th 433, 470.)  It is not a "'trial de novo on all the original charges.' . . .  [I]t is a postconviction . . . "act of lenity" . . . allowing for the retroactive application of the new law governing accomplice liability . . . .'"  (*People v. Williams* (2020) 57 Cal.App.5th 652, 661.)

To determine "whether a trial court correctly denied a section 1172.6 petition following an evidentiary hearing, ""we review the factual findings for substantial evidence and the application of those facts to the statute de novo."'"  (*People v. Arnold* (2023) 93 Cal.App.5th 376, 383

Appellant argues the trial court improperly declined to make credibility determinations or factual findings regarding whether he shot over the roof of the car or at his victims, and whether this shows he had a specific intent to kill when he fired the gun.  But appellant pleaded guilty to attempted murder.

A guilty plea is a judicial admission.  (*People v. Chadd, supra*, 28 Cal.3d at p. 748.)  It "amounts to an admission of every element of the crime and is the equivalent of a conviction." (*People v. Ward* (1967) 66 Cal.2d 571, 574.)  A guilty plea "'concedes . . . the prosecution possesses legally admissible evidence sufficient to prove defendant's guilt beyond a reasonable doubt.  Accordingly, a plea of guilty waives any right to raise questions regarding the evidence . . . .'" (*People v. Gonzalez* (1993) 13 Cal.App.4th 707, 713; see also *People v. Allison* (2020) 55 Cal.App.5th 449, 458, fn.7, disapproved of on other grounds by *People v. Strong* (2022) 13 Cal.5th 698 [a guilty plea is equivalent to and has the same effect as a jury finding].)  The implied admission of the guilty plea obviates "the need for the People to come forward with any evidence." (*People v. Martin* (1973) 9 Cal.3d 687, 694, italics omitted; see also *People v. Jones* (1959) 52 Cal.2d 636, 651 ["Thus after a plea of guilty properly received the prosecution is under no duty to prove that defendants committed the crime.  That issue was resolved by the defendants' plea."].)

Appellant's guilty plea admitted and established generally the existence of "intent to kill."  However, it did not admit whether the intent was personal to him or imputed to him. (*People v. Estrada* (2024) 101 Cal.App.5th 328, 338.)  Based on the record of the guilty plea, it was theoretically possible an accomplice intended to kill and the accomplice's intent was imputed to appellant under the natural and probable

consequences doctrine. But once the theoretical possibility he aided and abetted an accomplice was eliminated by evidence received at the hearing, his guilty plea was an admission of his personal intent to kill. Any other evidence contradicting his admission by plea was irrelevant.

Appellant cannot use a section 1172.6 resentencing hearing to relitigate facts already determined, whether by plea, admission, or verdict. (See *People v. Farfan* (2021) 71 Cal.App.5th 942, 947 ["'The purpose of section [1172.6] is to give defendants the benefit of amended sections 188 and 189 with respect to issues not previously determined, not to provide a do-over on factual disputes that have already been resolved'"].) Parties at a section 1172.6 evidentiary hearing must focus on "evidence made relevant by the amendments to the substantive definition of murder." (*Clements*, *supra*, 75 Cal.App.5th at p. 298.) The amendments to sections 188 and 189 did not change the requirement of intent to kill for attempted murder. Indiscriminate relitigation of findings supporting murder convictions are not permitted. (*People v. Strong*, *supra*, 13 Cal.5th at p. 715.) "[F]actual findings should be given preclusive effect. The point . . . is to identify what those factual findings are and how they relate to the elements of [attempted] murder under a valid theory." (*People v. Curiel*, *supra*, 15 Cal.5th at p. 470.)

In light of appellant's admission by plea of an intent to kill, the sole issue at the evidentiary hearing was whether he acted alone. His guilty plea precluded the trial court from making factual findings regarding his conduct or credibility determinations regarding his intent. The trial court found he was the sole perpetrator albeit without expressly stating it had been proved "beyond a reasonable doubt." Yet, it was an

8

undisputed fact.  Even if the trial court erred in describing its role or applying the burden of proof, the error was harmless because it is not reasonably probable that absent the error appellant would have achieved a more favorable result.  (*People v. Vance* (2023) 94 Cal.App.5th 706, 716; *People v. Watson* (1956) 46 Cal.2d 818, 836; see also *Hurtado, supra*, 89 Cal.App.5th at p. 892 [when an error is purely one of state law, the *Watson* harmless error test applies].)

DISPOSITION

Judgment is affirmed.

<u>CERTIFIED FOR PUBLICATION.</u>

CODY, J.

We concur:

YEGAN, Acting P.J.

BALTODANO, J.

Barry T. LaBarbera, Judge Presiding
Superior Court County of San Luis Obispo

_____


Olivia Meme, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri, Deputy Attorney General, and Blythe J. Leszkay, Deputy Attorney General, for Plaintiff and Respondent.