Filed 7/26/13  P. v. Vaccaro CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY CHRISTIAN VACCARO,<br><br>        Defendant and Appellant. | A137059<br><br>(Sonoma County<br>Super. Ct. No. SCR-596487) |

This is an appeal from a decision by the trial court to deny defendant's motion to withdraw his no contest plea to two felonies, violations of Health & Safety Code sections 11359 (possession for sale of marijuana) and 11366.5, subdivision (a) (management of a location for the unlawful manufacture and storage of controlled substances).  The trial court conducted a hearing on the issue during which time original trial counsel for defendant testified, addressing issues raised by defendant in his motion.  At the end of the hearing, the trial court denied the motion to set aside the no contest plea pursuant to Penal Code section 1018.  We find no error in this determination and affirm the trial court.

**STATEMENT OF THE CASE**

As a result of executing several search warrants and an ongoing police investigation, seven suspects including defendant were charged in a 15-count complaint with crimes dealing with possession for sale, cultivation, and maintaining a place for the distribution of marijuana.  The prosecution's initial complaint included early resolution offers for each defendant.  Defendant, represented by attorney Walter Rubenstein, pleaded not guilty on March 17, 2011.

On March 18, 2011, two of the charged codefendants entered pleas to the offer proposed by the district attorney. Codefendant Mills entered a plea to Health & Safety Code section 11358 (cultivation) and codefendant Olson pled to Health & Safety Code section 11366.5, subdivision (a), a misdemeanor. The proposed package deal for the remaining codefendants required defendant to plead to a violation of Health & Safety Code section 11359 for a sentence of probation, a custody sentence of 120 days in jail, destruction of equipment found in the properties, forfeiture of moneys seized under the search warrants, and no possession of marijuana during probation. On April 5, 2011, the prosecutor withdrew the package offer to the remaining codefendants.

Defendant entered a time waiver and the parties continued the preliminary hearing on the case to seek resolution. By January 2012, the case had not been resolved, and was assigned to a trial attorney in the district attorney's office. Additionally, on January 24, 2012, the prosecutor presented another package offer to remaining codefendants. The new proposal obligated defendant to plead to two felony charges, violations of Health & Safety Code sections 11359 and 11366.5, subdivision (a), with formal probation along with 180 days in county jail, and other conditions of probation. Other codefendants (Charbonneau and Timmonslee) objected to felony pleas. After meeting with the trial judge, the district attorney solicited counter-offers from defense counsel. These offers were to be presented before the scheduled preliminary hearing date of February 7, 2012.

On February 3, 2012, all defendants accepted plea offers before Judge Thistlethwaite. The prosecutor acknowledged considerable time was invested in the dispositions. Codefendants Charbonneau and Lee accepted conditional felony sentences. Timmonslee and Solakian pled to misdemeanor crimes. Defendant pled no contest to Health & Safety Code sections 11359 (Count Two) and 11366.5, subdivision (a) (Count Six) for probation, with 90 days in custody or jail alternatives, and was allowed to possess with valid medical documentation, 15 marijuana plants at any one time. All remaining charges were dismissed.

On May 10, 2012, defendant substituted counsel. He was now represented by the lawyer who currently is handling this appeal. On May 31, 2012, defendant made a

2

motion to set aside his plea. He is the only defendant in this case who made such a motion. The district attorney opposed the motion. The hearing before Judge Thistlethwaite took place on July 24, and on September 4, 2012. The only witness who testified at the proceedings was defendant's trial attorney Walter Rubenstein. He was a witness for the prosecution. After argument, the trial court denied defendant's motion.

Defendant was given a three-year formal probation sentence with all conditions of probation detailed in the plea form imposed. This appeal followed with a certificate of probable cause by the sentencing court.

## STATEMENT OF FACTS

This court has reviewed the presentence report which includes some of the facts that underlie this prosecution. On January 26, 2011, sheriff's deputies executed search warrants at four separate properties owned by defendant. During the course of these events, law enforcement officers seized more than 900 marijuana plants, 20 pounds of processed marijuana buds, $10,000 in cash, 60 high-density lights, various items of cultivation equipment, scales, packaging materials, and calendars indicating cultivation dating back six years. Defendant told police he grew 240 pounds of marijuana per year. He affirmed he gave seven pounds of marijuana yearly to five to seven patients whose names he could not recall. He smoked an ounce a day himself, and sold the remainder of his product at $3,000 per pound to "dispensaries." He had a yearly profit of $699,000. Ms. Charbonneau, defendant's girlfriend, and his 15-year-old son were paid $15 per hour to assist in cultivation efforts.

In a letter to probation dated March 22, 2012, defendant indicated he was an "herbalist and horticulturist" who had 15 years' experience in medicinal herbs of several varieties. With the passage of Proposition 215, defendant "began growing, breeding, and creating new genetic strains of cannabis for [his] own medicine." Over time, defendant obtained several properties where he was able to become "a [steward] of the land" and continue his "passion," i.e., cannabis cultivation. Defendant also stated he had retained accountants to assist in his federal and state tax obligations "as well as lawyers to help [advise] me on the current cannabis laws. I truly feel that I acted in a manner consistent

3

with these laws, yet somewhere I overstepped the boundaries. This was never my intention."

In his motion to withdraw the plea, defendant argued he was given inadequate advice on defenses available in his case. His declaration alleges a number of omissions committed by his trial counsel, Rubenstein. Many of the claims are based on a successful filing of post-preliminary hearing motions under Penal Code section 995. However, defendant entered his no contest plea *before* the preliminary hearing took place, waiving the hearing and motions afterwards. Defendant personally waived his right to a preliminary hearing during the *Boykin-Tahl*[1] voir dire with the court at the time of the plea. This included his right to present evidence and examine witnesses. Additionally, in the plea form submitted to the court, defendant personally indicated he had adequate time to discuss the case with his attorney and was fully informed of the defenses available to him.[2]

Attached to his motion to set aside his plea, defendant included exhibit Nos. B and C. Exhibit No. B is a multi-page printed form from "Reseda Discount Caregivers Collective Corp." It has several places for personal information but the exhibit included in the motion has no information filled in. There is no indication the document involves defendant and no item references him in any way. Exhibit No. C is a document called "Delivery Services for Homebound Patients." The several pages identify Christine Reels of Santa Rosa, certificate No. 70650. The item relates to her seller permit. A page in exhibit No. C is dated November 24, 2009, dealing with a payment voucher involving Ms. Reels and defendant's name is listed as "consigner." That particular page has no date with the space for dating blank. There is no way to determine what connection the page has with the remainder of the exhibit, save the fact defense counsel included it in exhibit No. C.

---

[1] *Boykin v. Alabama* (1969) 395 U.S. 238; *In re Tahl* (1969) 1 Cal.3d 122.

[2] We underscore the statement by defendant he had retained lawyers to advise him regarding the law pertaining to the cultivation and distribution of medical cannabis over the years he had been in the business of distributing the product.

4

Clearly missing from the motion to withdraw his plea is a declaration from defendant providing a factual basis for the importance of the defenses he believes his trial counsel failed to provide. Defendant's position fails to provide a nexus between the lack of advice and facts suggesting these omissions were prejudicial to his particular case.

The prosecution opposed the motion to withdraw the no contest plea. It submitted the declaration of Rubenstein, defendant's trial counsel. In it, Rubenstein indicated he advised defendant of the defenses available under case law and reviewed documents provided by defendant pertaining to his financial success in cultivation. The prosecution also called Rubenstein as a witness at the hearing before the trial court. He related he discussed features of defending an accused in a marijuana cultivation case. He was aware of the law regarding defenses in these cases. Rubenstein discussed legal issues associated with the issues in *Colvin*,[3] even though the decision in that case had not taken place. The lawyer found defendant was "very educated in regard to these [legal] matters." Defendant offered "several suggestions" on handling his case, all of which were freely discussed. Rubenstein did tell defendant he could be viewed as a qualified patient under current laws, but the two also discussed the "excessive profits" defendant had in relationship to his defense and the fact he hired people to be involved in his production system. The tax records could present issues to defendant. Additionally, Rubenstein indicated he would not present all defense evidence during the preliminary hearing but rather reserve it for the trial of the matter. Finally, defendant told Rubenstein he had certain guidelines for a plea negotiation he wanted his lawyer to consider and defendant was "concerned" about protecting "other people involved as well." Rubenstein determined the decision to enter a plea was the personal choice of defendant.

Defendant did not testify at the hearing; nor did he present additional evidence challenging the testimony of Rubenstein.

The trial court addressed the issues raised in the hearing from the bench. He indicated there is "no doubt in my mind—I'm not finding for one moment that Mr.

---

[3] *People v. Colvin* (2012) 203 Cal.App.4th 1029, decided after the no contest plea by appellant in this case, but dealing with aspects of a medical marijuana defense.

5

Rubenstein was ineffective but I don't believe that there . . . hasn't been an argument that he was ineffective." "[W]hat I have to make a finding is by clear and convincing evidence . . . that [defendant] would not have entered into this plea had he been advised of certain defenses, and I also have to—and it requires a showing of good cause by clear and convincing evidence for the granting of a motion to withdraw a guilty plea, . . . that due process of law is furthered by the withdrawal of the plea, and I have to consider all the factors necessary to bring about a just result.

"One of the factors I said from the very beginning was the fact that this was a package deal, and one of the first things that Mr. Rubenstein said was that Mr. Vaccaro considered as well any person, would be the co-defendants that were involved in this case, that that was a consideration . . . he made.

"Mr. Rubenstein made it very clear that [defendant] was very active in his defense and that he brought many things to . . . the table, he brought them to Mr. Rubenstein's attention, he brought his medical marijuana card, he brought his doctor's letter of recommendation, . . . he discussed tax documents that were given and they discussed also the evidence of excessive profits or the possibility that even though all of these other things may have been found to be true, that, in fact, he could aggregate the amounts of marijuana [he] had, . . . based on the number of people that were in the collective.

"[Court points out that *Colvin* involved a collective of 5,000 people and this case involved 15.] That is a lot of marijuana.

[¶] . . . [¶]

"So all of these things are—they're evolving, and I cannot make a finding by clear and convincing evidence that you would not have entered your plea, and I'm denying your motion, that I do not believe it is in the interest of justice, I do not believe that you were denied due process, and you haven't made your case by clear and convincing evidence so I'm denying the motion."

## DISCUSSION

Defendant's motion to withdraw his no contest plea was correctly denied under Penal Code section 1018. Our review will find abuse of discretion here only if the

6

decision of the trial judge is outside the bounds of reason. (*People v. Benavides* (2005) 35 Cal.4th 69, 88.) We cannot make that finding here.

A defendant will not be permitted to withdraw his plea because he has changed his mind. We naturally defer to the sound discretion of the trial court in the first instance here. Only if defendant establishes an abuse of discretion will the ruling be disturbed. (*People v. Breslin* (2012) 205 Cal.App.4th 1409, 1416.) The showing defendant makes here must be by clear and convincing evidence he was operating under mistake, ignorance, or any other factor establishing he did not exercise his free will. But for the mistake, he would not have pled no contest here. (*Ibid.*)

We note at the outset this is not a case alleging ineffective assistance of counsel. The trial court did not find Rubenstein ineffective in his performance. Defendant does not allege the claim, only that he was not aware through ignorance and mistake of relevant defenses he could assert.

It is important to appreciate the record in this prosecution. This was an early plea bargain situation. Prosecution wanted to dispose of the entire case in prompt fashion as opposed to preparing a multiple defendant case. It is difficult to fully develop a challenge to trial counsel's performance in the early stages of a case, especially before the preliminary hearing occurs. There is no way to assess defense challenge to prosecution evidence in the early stages of the case. (*Premo v. Moore* (2011) 562 U.S.___, [178 L.Ed.2d 649, 660–664, 131 S.Ct. 733, 741–744].)

On the notion of mistake or ignorance, we observe defendant only seeks to have his plea set aside. While the disposition of the case was presented as a package for all codefendants, not just defendant herein, he makes no argument that merits vacating the package resolution reached here. An order vacating a plea by defendant is appropriate if the prosecution offered a package deal conditioned on acceptance by all defendants, and the other defendants withdrew the plea. (*Liang v. Superior Court* (2002) 100 Cal.App.4th 1047, 1054–1055.) One of the conditions of a package plea is voided if all are not pleading guilty or no contest. If one defendant backs out, the deal is off for all. (*United States v. Caro* (9th Cir. 1993) 997 F.2d 657, 658.)

7

It is also true the plea must be voluntarily, knowingly and intelligently done. Yet this important element is satisfied even if the defendant does not know the specific detailed consequences of pleading to a charge. (*United States v. Ruiz* (2002) 536 U.S. 622, 629.) A person pleading to a charge may often operate with certain misapprehension about the circumstances of the case. He may not appreciate the strength of the government's evidence. (*Brady v. United States* (1970) 397 U.S. 742, 757.) Additionally, the accused may incorrectly, or fail entirely to, appreciate a change in the law dealing with his prosecution or sentencing. (*McMann v. Richardson* (1970) 397 U.S. 759, 770.) We cannot expect defense counsel to envision all possible options a case may experience, especially when the pressure is presented by the government to resolve the case expeditiously and the defendant agrees to early resolution as is the situation in this matter.

Particularly relevant on the issue of ignorance or mistake is the decision of *United States v. Broce* (1989) 488 U.S. 563. There, counsel's failure to review with his client the notion of double jeopardy did not invalidate the guilty plea based on ignorance or mistake. The court noted its decisions in this area had not obligated trial counsel to engage in a check list of defenses and other issues with the client before a guilty plea can be proposed. "Waiver in that sense is not required." (*Id.* at p. 573.) The defendant has by his early plea of no contest or guilty given up his right to have a hearing on an affirmative defense or evidentiary issue; he has opted for early resolution and its benefits by entry of the voluntary plea. The import of a particular defense or legal argument is now off the table by choice. (*Id.* at pp. 573–574.) Affirmative defenses are subject to forfeiture by the accused. (*Cowan v. Superior Court* (1996) 14 Cal.4th 367, 390.) It is a clear principle of plea bargaining that the plea of no contest is the admission by the accused of all essential elements needed to sustain a conviction. (*People v. DeVaughn* (1977) 18 Cal.3d 889, 895; see *In re Troy Z.* (1992) 3 Cal.4th 1170, 1179–1182.)

At best, a review of defendant's claim on appeal is evidence of buyer's remorse. Based on the evidence presented at the hearing before the trial court, defendant was aware of his defenses and considered the importance of the package disposition for him,

his girlfriend, and other codefendants whom he had compensated from the profits of his "business." These factors presumably were considered by defendant when he changed his plea. "The rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant factor entering into his decision." (*Brady v. United States, supra,* 397 U.S. 742, 757.) At the time of his plea, defendant affirmed "I have had enough time to discuss with my attorney my constitutional rights, any defenses I may have to the charges and the consequences of this/these pleas."

At the end of the day, we find the trial court did not abuse its discretion. It concluded after a hearing in which only attorney Rubenstein was cross-examined, that defendant had not satisfied his burden by clear and convincing evidence that he made his plea under a misunderstanding of defenses under current marijuana laws. (*People v. Breslin, supra,* 205 Cal.App.4th 1409, 1416–1417.) Indeed, "All decisions to plead guilty are heavily influenced by difficult questions as to the strength of the prosecution's case and the likelihood of securing leniency." (*Id.* at p. 1417.) The trial court did not exercise its discretion in an arbitrary or capricious manner, nor did the ruling evidence a manifest miscarriage of justice. (*People v. Jordan* (1986) 42 Cal.3d 308, 316.)

The judgment is affirmed.

_____
Dondero, J.

We concur:

_____
Margulies, Acting P. J.

_____
Sepulveda, J.*


* Retired Associate Justice of the Court of Appeal, First Appellate District, Division Four, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

9