[No. B092311. Second Dist., Div. Four. Oct. 8, 1996.]

THE PEOPLE, Plaintiff and Appellant, v.
CAROLINE DENISE ALLAN, Defendant and Respondent.

**COUNSEL**

Gil Garcetti, District Attorney, Brent Riggs and Dirk L. Hudson, Deputy District Attorneys, for Plaintiff and Appellant.

Michael P. Judge, Public Defender, Albert J. Menaster, James Vitek, Irene Nunez, Alex Ricciardulli and Paula Montez, Deputy Public Defenders, for Defendant and Respondent.

**OPINION**

**HASTINGS, J.**—This is an appeal brought by the People following the judgment entered against Caroline Denise Allan after a plea of guilty to one

count of possession of cocaine (Health & Saf. Code, § 11350, subd. (a)). She was sentenced to three years in prison after the court dismissed a prior felony conviction which qualified as a "strike" under the "Three Strikes" law, Penal Code section 667, subdivisions (b) through (i), and struck five other felony convictions alleged pursuant to Penal Code section 667.5, subdivision (b).

We reverse and remand.

### FACTUAL AND PROCEDURAL BACKGROUND

The facts are not in dispute. On November 19, 1994, Los Angeles police officers observed Allan as she walked up to a vehicle stopped in the middle of the road. The officers approached on foot and told Allan to return to the sidewalk. As she did so she dropped a black film canister, vial and pipe. The canister contained two off-white rocks which were later determined to contain 0.14 grams of cocaine.

Allan was charged with a felony count of possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a), count 1) and a misdemeanor count of possession of a smoking device (Health & Saf. Code, § 11364, count 2). In addition, it was alleged that Allan had suffered a prior conviction for assault with a deadly weapon (Pen. Code, § 245, subd. (a)) on December 29, 1981, which qualified as a "strike" under the Three Strikes law (the strike prior). The information also alleged that the strike prior, as well as five others, constituted prior convictions within the meaning of Penal Code section 667.5, subdivision (b).[1]

Allan initially entered a plea of not guilty on December 20, 1994. After several continuances, Allan's case was called for trial in department 100, a master calendar court, on March 13, 1995. The reporter's transcript discloses the following transaction within that department:

"THE COURT: All right. We have Ms. Caroline Allan present with Mr. Vitek; representing the People is Mr. Goodman. Mr. Vitek has announced ready for trial. Mr. Goodman has announced ready for trial. [¶] This is a *strike* case. Mr. Goodman, do you have *proof of your prior* at this time?

---

[1]The priors alleged pursuant to Penal Code section 667.5, subdivision (b) (the section 667.5(b) priors) were as follows: (1) a 1979 conviction for narcotics possession (Health & Saf. Code, § 11350); (2) a 1981 conviction for assault with a deadly weapon with the use of a firearm (Pen. Code, § 245, subd. (a)), the strike prior; (3) a 1985 conviction for petit theft with a prior (Pen. Code, § 666); (4) a 1986 conviction of petit theft with a prior (Pen. Code, § 666); (5) a 1988 conviction of petit theft with a prior (Pen. Code, § 666); and (6) a 1990 conviction of attempted second degree burglary (Pen. Code, §§ 664/459).

"Mr. Goodman: At this time, no. I don't know—prior was sent and is going from Region 2 on Wednesday afternoon, *and we anticipate having it later this morning and are announcing ready for trial.*

"The Court: Pursuant to *75667.2* [*sic*], if you do not have proof of it, it is stricken.

"Ms. Allan, I have to advise you of the rights and consequences that you have that you will be giving up. The maximum sentence configured in this matter that's—what's her maximum sentence, Mr. Goodman?

"Mr. Goodman: Your Honor, I figured in the area of 12 years.

"The Court: You will be pleading guilty and receive the sentence of three years, which is the high term. If you are on probation or parole, your plea today would be a violation of either.

"[At this stage the court advised Allan of her rights and the consequences of a plea in apparent anticipation of obtaining waivers of those rights and sentencing her.]

"Have you had enough time to discuss this case and your rights and this plea with your attorney?

"The Defendant: Yes, sir.

"The Court: Do you freely and voluntarily waive your right to appeal?

"The Defendant: Yes, sir.

"The Court: Has anyone promised you anything differently than I have said in court in order for you to plead guilty?

"The Defendant: No, sir.

"The Court: In Information BA104794, Count 1 alleging on or about November 19, 1994, County of Los Angeles, you committed the crime of possession of a controlled substance, to wit cocaine, violation of 11350(a), a felony, to that charge, how do you plead, guilty or not guilty?

"The Defendant: Guilty, sir.

"The Court: Counsel join in the waivers, concur in the plea and stipulate to a factual bases?

"THE DEFENDANT: Yes, Your Honor.

"THE COURT: I find that the waivers and consequences are intelligently known, factual basis freely and voluntarily entered, I accept the plea and waivers.

"Stipulate to a sentencing on the pre-plea report?

"MR. VITEK: Yes, Your Honor.

"THE COURT: Waive time for sentence, arraignment for judgment and agree there is no legal cause?

"MR. VITEK: Yes, Your Honor.

"THE COURT: Pursuant to the *agreed disposition offered by the court*, the defendant, count 1, is sentenced to the high term of three years state prison. [¶] What are her credits?

"MR. VITEK: 114 actual.

"THE COURT: 114, 57 good time/work time for a total of 171 days credit granted to her. [¶] She must pay $50 analysis of drugs, $200 victim's restitution when she is released.

"MR. VITEK: Can she have a forthwith?

"THE COURT: Forthwith transportation order is granted. *Motion under 1385, remaining allegation stricken.* Thank you, Mr. Goodman.

"MR. GOODMAN: *The striking of the prior is over the People's objection.*

"THE COURT: Absolutely, for the record. Thank you." (Italics added.)

The minute order prepared at the time of the hearing indicated that "pursuant to Penal Code section 667(f)(2), the court strikes the prior convictions" and that "on motion of People, counts/enhancements remaining are dismissed in furtherance of justice/per case settlement agreement."

CONTENTIONS ON APPEAL

The People contend the court's acceptance of the plea of guilty violated the limitations on plea bargaining set by the Three Strikes law (Pen. Code,

§ 667, subd. (g))[2] and *People v. Orin* (1975) 13 Cal.3d 937 [120 Cal.Rptr. 65, 533 P.2d 193], and that the trial court exceeded its authority in dismissing the strike prior.

Because *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628] was decided during the pendency of this appeal, pursuant to Government Code section 68081, we requested that the parties submit letter briefs discussing its effect on the appeal. In addition, we asked the parties to comment on the state of the record with respect to the dismissal of the strike prior vis-à-vis the dismissal of the section 667.5(b) priors. Finally, we requested that the public defender's office amplify its position with respect to the "agreed disposition offered by the court."

In their supplemental brief, the People concede that *Romero* effectively disposes of several of their contentions involving the power of the trial court to dismiss the strike prior. They continue to assert that the "agreed disposition" violated the limitations on plea bargaining and maintain that the court's dismissal of the strike prior for insufficiency of evidence violated the Three Strikes law.

In addition, the People obtained a nunc pro tunc order relating to the minute order issued on March 13. The minute order, as amended, now reads as follows: "Over the objection of the People, pursuant to Penal Code section 667(f)(2), the court strikes the prior convictions. [¶] Over the objection of the People, counts/enhancements remaining are dismissed in furtherance of justice."

## DISCUSSION

1. *Was the transaction an unlawful plea bargain?*

The facts in this case are very similar to those in *People v. Orin, supra,* 13 Cal.3d 937. There, the defendant was charged with three counts: attempted robbery (count 1), burglary (count 2), and assault with a deadly weapon (count 3). The prosecutor announced ready, "stating that the People were ready to proceed to trial on all counts and that any plea to count III was unacceptable." (*Id.* at p. 940, fn. omitted.) Defendant's counsel subsequently informed the court that defendant was willing to withdraw his plea of not guilty to count 3 and enter a plea of guilty to that count. The court replied that it was " 'willing to accept that plea at this time as to Count III and put the matter of the disposition of the remaining counts over to the time of probation and sentence proceedings. This would be in the nature of a plea

---

[2]All further statutory references are to the Penal Code unless otherwise indicated.

bargain in which the People do not wish to enter, as stated by [the prosecutor] and with the further understanding that if the Court feels that it cannot at that time accept it, that the Court would allow you to set the plea aside and go to trial. . . . The Court feels that we can proceed on that basis. The Court on it's [*sic*] own motion, will dismiss the remaining counts against you.' " (*Id.* at pp. 940-941.) The prosecutor again objected to the proposed arrangement and indicated that the People were ready to proceed to trial on all three counts. (*Id.* at p. 941.)

Thereafter, the court took the various waivers and defendant entered a guilty plea to count 3. At sentencing, the court denied probation, sentenced defendant on count 3, and struck counts 1 and 2 in the interests of justice. With regard to the striking of the two counts, the minute order stated: " 'Remaining counts dismissed in interests of justice.' " (13 Cal.3d at p. 941.)

The Supreme Court discussed the nature of the transaction and made a number of observations. "The process of plea bargaining which has received statutory and judicial authorization as an appropriate method of disposing of criminal prosecutions contemplates an agreement *negotiated by the People and the defendant* and *approved by the court.* [Citations.] Pursuant to this procedure the defendant agrees to plead guilty in order to obtain a reciprocal benefit, generally consisting of a less severe punishment than that which could result if he were convicted of all offenses charged. [Citation.] This more lenient disposition of the charges is secured in part by prosecutorial consent to the imposition of such clement punishment [citation], by the People's acceptance of a plea to a lesser offense than that charged, either in degree [citations] or kind [citation], or by the prosecutor's dismissal of one or more counts of a multi-count indictment or information. Judicial approval is an essential condition precedent to the effectiveness of the 'bargain' worked out by the defense and prosecution. [Citations.] But implicit in all of this is a process of 'bargaining' between the adverse parties to the case—the People represented by the prosecutor on one side, the defendant represented by his counsel on the other—which bargaining results in an agreement between them. [Citation.] [¶] However, *the court has no authority to substitute itself as the representative of the People in the negotiation process and under the guise of 'plea bargaining' to 'agree' to a disposition of the case over prosecutorial objection.* Such judicial activity would contravene express statutory provisions requiring the prosecutor's consent to the proposed disposition, would detract from the judge's ability to remain detached and neutral in evaluating the voluntariness of the plea and the fairness of the bargain to society as well as to the defendant, and would present a substantial danger of unintentional coercion of defendants who may be intimidated

by the judge's participation in the matter. [Citation.] In the instant case it is undisputed that the prosecution did not agree to the arrangement by which the charges against defendant were disposed of; it is therefore clear that the matter under consideration herein does not involve a plea bargain." (*People v. Orin, supra,* 13 Cal.3d at pp. 942-943, italics added, fns. omitted; see also *People v. Woodard* (1982) 131 Cal.App.3d 107, 110 [182 Cal.Rptr. 254].)

The court then noted that ". . . the dismissal of counts I and II is manifestly invalid under section 1385 because of the court's failure to comply with the following provision of the statute: 'The *reasons* of the dismissal must be set forth in an order entered upon the minutes.' [¶] . . . [¶] In the instant case, the trial court purported to exercise its authority under section 1385 by merely checking a box at the bottom of a printed form, specifying no reasons to justify its dismissal of the attempted robbery and burglary charges. The record discloses no statement of reasons whatsoever in connection with the elliptic order of dismissal at the bottom of the form, [citations]; nor do we find anywhere in the pertinent part of the record . . . any reasons stated which by clear incorporation or reference may be deemed to be the 'reasons of the dismissal . . . set forth in an order.' [Citations.]" (13 Cal.3d at pp. 943-944.)

Discussing the sentence in context of the improper dismissal of the first two counts, the court noted: "We can only conclude that the court accorded defendant a more lenient disposition of the charges without any reason other than that defendant entered a plea of guilty to one count." (13 Cal.3d at p. 949.) It also stated, "We are unable to conclude that in the present matter the court's action was based upon a proper exercise of sentencing discretion. Its disposition of the instant case cannot stand." (*Id.* at pp. 950-951.) The matter was reversed with "directions to grant defendant leave to withdraw his plea of guilty to count III. . . ." (*Id.* at p. 951.)

We are faced with the same situation here. First, the manner in which the transaction was handled is strikingly similar to *People v. Orin.* In *Orin,* the trial court noted on the record that the plea would be *in the nature* of a plea bargain. (13 Cal.3d at p. 940.) In attempting to discern how the trial court had exercised its discretion, the Supreme Court noted: "The problem is further complicated by the fact, readily inferable from the transcript, that the court had been informed of defendant's proposed arrangement before the proceedings in open court began and had indicated some tentative or conditional approval of it, and by the further fact, equally inferable, that the prosecutor had also been made aware of this state of affairs and had previously manifested his disapproval. As a result we find in the record not

only an expression of the court's willingness to accept defendant's plea of guilty but also its somewhat unfortunate, and possibly inaccurate language that '[t]his would be in the nature of a *plea bargain* in which the People do not wish to enter.' (Italics added.)" (*Id.* at p. 948.) Here, the court noted that sentence was "[p]ursuant to the agreed disposition offered by the court." As in *People* v. *Orin*, there is nothing in the record to reflect any offer by the court and we must infer that there were discussions off the record which resulted in the "agreed disposition."

The crucial issue is whether the court entered into an unlawful plea bargain with Allan or simply gave a permissible indicated sentence.[3]

Section 1192.7, subdivision (b) provides that "plea bargaining" means "any bargaining, negotiation, or discussion between a criminal defendant, or his or her counsel, and a prosecuting attorney or judge, whereby the defendant agrees to plead guilty or nolo contendere, *in exchange for any promises, commitments, concessions, assurances, or consideration* by the prosecuting attorney or judge relating to any charge against the defendant or to the sentencing of the defendant." (Italics added.)

■ In an indicated sentence, a defendant admits all charges, including any special allegations and the trial court informs the defendant what sentence will be imposed. No "bargaining" is involved because no charges are reduced. (*People* v. *Vessell* (1995) 36 Cal.App.4th 285, 296 [42 Cal.Rptr.2d 241]; *People* v. *Trausch* (1995) 36 Cal.App.4th 1239, 1247 [42 Cal.Rptr.2d 836].) In contrast to plea bargains, no prosecutorial consent is required. (*People* v. *Superior Court* (*Ramos*) (1991) 235 Cal.App.3d 1261, 1271 [1 Cal.Rptr.2d 333].)

■ Assuming for the purposes of discussion that the strike prior was properly dismissed for lack of proof, the remaining allegations against Allan were: (1) possession of a controlled substance, a felony (Health & Saf. Code, § 11350, subd. (a)), with a sentence range of sixteen months to three years (Pen. Code, § 18); (2) possession of a smoking device, a misdemeanor (Health & Saf. Code, § 11364), with a possible maximum sentence of one hundred eighty days (Health & Saf. Code, § 11374); and (3) five section

---

[3]Here, the trial court also failed to state reasons in writing for striking the five section 667.5(b) prior convictions as required by section 1385: " ' "[I]f the reasons are not set forth in the minutes, the order dismissing may not be considered a dismissal under section 1385." ' " (*People* v. *Superior Court* (*Romero*), *supra*, 13 Cal.4th at p. 532, quoting *People* v. *Orin*, *supra*, 13 Cal.3d at p. 944.)

667.5(b) priors, resulting in a total enhancement of five years.[4] Allan, therefore, would have been subject to a maximum sentence of eight years, six months (three years for the felony possession, six months for the misdemeanor, and one year each for the five section 667.5(b) priors) if found guilty on all charges, and a minimum term of six years, four months (sixteen months for the felony possession, one year for each of the five section 667.5(b) priors, and no time for the misdemeanor).

The record reflects no plea by Allan to the second count, nor does the record reflect that Allan admitted the allegations of the remaining one-year priors. Moreover, there is no indication that the court took into account the circumstances of the current offenses, the nature of Allan's prior and past criminal history, or any other individualized consideration. We can only conclude that the "agreed disposition," the three years offered by the court, was an illegal plea bargain: the high term for the felony (count 1) in exchange for the dismissal of the section 667.5(b) priors and the misdemeanor charged in count 2.[5] The judgment must be reversed and the matter remanded.

2. *The order dismissing the strike prior.*

The People offer two alternative arguments with respect to the dismissal of the strike prior: (1) that the court did not have the power to dismiss it for insufficiency of evidence at the master calendar level, and (2) that the court had no power to dismiss it as part of a plea bargain.

As to the second point, if the court had dismissed the strike prior as part of its plea bargain, for the reasons discussed above we would have found that it acted improperly. ■ However, a review of the transcript reveals that the strike prior was dismissed because the prosecutor did not have in hand the documentation necessary to prove it. In addition, the minute order refers to dismissal of the "prior convictions" pursuant to section 667, subdivision (f)(2). Therefore, we address the issue of whether or not the master calendar court can appropriately grant such a dismissal.

Section 667, subdivision (f)(2) provides: "The prosecuting attorney may move to dismiss or strike a prior felony conviction allegation in the further-ance of justice pursuant to Section 1385, *or if there is insufficient evidence to*

---

[4]Although six section 667.5(b) priors were alleged in the information, one was also alleged as the strike prior. Since the prosecutor had no proof of that prior, it obviously could not have been proven as a section 667.5(b) prior.

[5]Contrary to the People's argument, the record does not support the conclusion that the plea was in exchange for the dismissal of the strike prior, because the strike prior had already been dismissed.

*prove the prior conviction. If upon the satisfaction of the court that there is insufficient evidence to prove the prior felony conviction, the court may dismiss or strike the allegation.*" (Italics added.)

In *People v. Superior Court (Romero), supra,* 13 Cal.4th at page 523, the Supreme Court acknowledged that a trial court retains the power to strike a prior felony conviction for insufficiency of evidence on its own motion.

Section 667, subdivision (f)(2) contains no time limitation during which a court may dismiss for insufficiency. Section 1118.1 acquittals for insufficient evidence must be made "at the close of the evidence on either side and before the case is submitted to the jury." On the other hand, section 1385 dismissals "in furtherance of justice" may be made " 'before, during or after trial.' " (*People v. Superior Court (Romero), supra,* 13 Cal.4th at p. 524, fn. 11, quoting *People v. Orin, supra,* 13 Cal.3d at p. 945.)

In most cases, trial on the allegations regarding prior convictions is bifurcated from trial of the new substantive offenses and the People are not immediately called upon to prove the allegations. Of course, if the defendant should agree to plead "open" in the master calendar court to the new charges, the People may be faced with the immediate need to prove the prior. However, in most situations, there is usually a buffer zone in which the People can obtain the necessary proof or, if they fail to do so, be in jeopardy of having the allegations dismissed. Here, while the case had been called for trial at the master calendar level, a courtroom had not yet been assigned, jurors were not impaneled, and it was not even certain that the prosecution would have been called upon to prove the strike prior that day, absent the agreement by Allan to plead to the charges. The People noted that it was expected the proof would arrive later that day.

We recognize that a trial court has the inherent power to develop rules of procedure aimed at facilitating the administration of criminal justice and promoting the orderly ascertainment of the truth. (*Joe Z. v. Superior Court* (1970) 3 Cal.3d 797, 801-802 [91 Cal.Rptr. 594, 478 P.2d 26].) We also believe that the trial court is entitled to insist that when a party announces "ready" for trial, that it actually means ready to proceed. The court may adopt a policy requiring the prosecutor to have the paperwork necessary to prove a prior, either in-hand or under timely subpoena, when the People announce ready. This is especially important in the case of a master calendar

court faced with the pressure of an increased number of cases actually going to trial and the need to begin trial within the statutory period.[6]

In *Romero*, the Supreme Court, in the context of section 1385, cautioned: "A court's discretion to strike prior felony conviction allegations in furtherance of justice is limited. Its exercise must proceed *in strict compliance* with section 1385(a), and is subject to review for abuse." (13 Cal.4th at p. 530, italics added.) It then went on to discuss the circumstances the court must consider when weighing dismissal. " 'From the case law, several general principles emerge. Paramount among them is a rule "that the language of [section 1385], 'furtherance of justice,' requires consideration both of the constitutional rights of the defendant, and *the interests of society represented by the People*, in determining whether there should be a dismissal. [Citations.]" . . . At the very least, the reason for dismissal must be "that which would motivate a reasonable judge." [Citations.]' . . . 'Courts have recognized that society, represented by the People, has a legitimate interest in "the fair prosecution of crimes properly alleged." [Citation.] " '[A] dismissal which arbitrarily cuts those rights without a showing of detriment to the defendant is an abuse of discretion.' [Citations.]" ' . . . [¶] From these general principles it follows that a court abuses its discretion if it dismisses a case, or strikes a sentencing allegation, solely 'to accommodate judicial convenience or because of court congestion.' [Citation.] A court also abuses its discretion by dismissing a case, or a sentencing allegation, simply because a defendant pleads guilty. [Citation.] Nor would a court act properly if 'guided solely by a personal antipathy for the effect that the three strikes law would have on [a] defendant,' while ignoring 'defendant's background,' 'the nature of his present offenses,' and other 'individualized considerations.' [Citation.]" (*People* v. *Superior Court (Romero)*, *supra*, 13 Cal.4th at pp. 530-531.)

The case of *People* v. *Ferguson* (1990) 218 Cal.App.3d 1173 [267 Cal.Rptr. 528] is instructive. There, the defendant requested two continuances after the date first set for trial. When the case was called for trial, the People indicated they were not ready to proceed since the attorney assigned to the case was engaged in another trial. As of that day, the 10-day period had not yet expired, and defense counsel had also previously requested a continuance to an even later date but that request had been denied. The court dismissed the matter, but the record did not indicate a statutory basis for the

---

[6]We asked counsel at oral argument whether the court from which the order in this case arose had such a policy. Neither side was able to provide any information on the issue. We suggest that in the future, trial courts which intend to dismiss prior conviction allegations when the prosecutor does not have the documentation in-hand or under subpoena, announce that policy in advance so that all parties may be guided accordingly.

dismissal, and simply noted that the People were not ready. (*Id.* at p. 1179.) The order of dismissal was reversed on appeal, with the appellate court relying primarily on *People* v. *Orin, supra,* 13 Cal.3d at page 947, which held that " 'Courts have recognized that society, represented by the People, has a legitimate interest in "the fair prosecution of crimes properly alleged." [Citation.] " '[A] dismissal which arbitrarily cuts those rights without a showing of detriment to the defendant is an abuse of discretion.' [Citations.]" ' " (*People* v. *Ferguson, supra,* 218 Cal.App.3d at p. 1182, italics omitted.)

 Here, as in *Ferguson,* there is no indication that the dismissal was made in furtherance of a stated policy objective. Allan had already requested two continuances and the prosecutor had indicated that the necessary proof was on its way. " '[I]n view of the fundamental right of the People to prosecute defendants upon probable cause to believe they are guilty [citations], neither judicial convenience, court congestion, nor judicial pique, no matter how warranted, can supply justification for an order of dismissal.' " (*People* v. *Ferguson, supra,* 218 Cal.App.3d at p. 1183, quoting *People* v. *Johnson* (1984) 157 Cal.App.3d Supp. 1, 8 [204 Cal.Rptr. 563].) (See also *Arreola* v. *Municipal Court* (1983) 139 Cal.App.3d 108, 115 [188 Cal.Rptr. 529] ["[I]f the state chooses to provide only sufficient resources to handle the expected number of trials, it must be prepared to accept consequences should its prediction prove wrong."].)

We find nothing in the record to indicate that the trial court gave consideration to any or all of these competing interests before it dismissed the prior based upon failure of proof. Therefore, we also order that the dismissal of the strike prior be vacated for further proceedings upon remand.

### DISPOSITION

The judgment is reversed. The matter is remanded to the trial court with directions to reinstate count 2, the allegations of the strike prior, and the prior convictions alleged pursuant to section 667.5, subdivision (b), and to allow Allan to withdraw her plea of guilty to count 1.

Epstein, Acting P. J., and Aranda, J.,* concurred.

---

*Judge of the Municipal Court for the South Bay Judicial District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.