Filed 6/16/15  P. v. Jones CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B256119 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA375742) |
| v. | |
| HERNANDO JONES, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Arthur Jean, Jr., Judge.  Affirmed.

Bird & Bird and Karen Hunter Bird, under appointment by the Court of Appeal, and Hernando Jones, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Hernando Jones appeals a judgment after a contested probation violation hearing. His appointed counsel filed a brief under *People v. Wende* (1979) 25 Cal.3d 436, raising no issues, and appellant filed a supplemental letter brief. We find no arguable issues and affirm.

**FACTS AND PROCEDURAL BACKGROUND**

In 2010, appellant pled no contest to possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a)) and admitted two first-degree residential burglary convictions, which qualified as prior strike convictions under the Three Strikes law (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)). The court ordered that defendant complete a one-year live-in drug treatment program, after which he would be sentenced to probation with credit for time served. In 2011, imposition of sentence was suspended, and appellant was placed on probation for three years with credit for the one-year program he had completed. Probation was revoked in 2014 after appellant was arrested and charged with misdemeanor annoying or molesting a child under 18 (Pen. Code, § 647.6) in case No. 3AV06746. The probation violation hearing was conducted concurrently with the jury trial on the misdemeanor charge.

According to his trial testimony, the victim, M.W., was 17 years old at the time of the offense in October 2013. Appellant, whom M.W. never had seen before, pulled in front of him as M.W. was crossing the street from a transportation center to his high school. Appellant asked M.W. where he was going. M.W. responded he was going to school. Appellant then offered, "Why don't you come with me with your fine self." M.W. continued on to the school, where he checked his schedule; he then went back to buy food from the vending machines at the transportation center. Appellant was there, and when their eyes met, M.W. walked to the restroom, hid in a stall, and locked the door. Appellant followed him into the restroom pushed the stall door, and said, "I

2

thought you were going to school," and "Give me three dollars and I will make you feel good." M.W. threw a dollar bill over the stall door, hoping appellant would go away. Although he heard other people enter the restroom, M.W. did not call out for help. He left the restroom 10-15 minutes after entering. At school, M.W. talked to a friend and contacted school officials to report the incident.

Surveillance video captured M.W. entering the restroom, followed by appellant. A couple more people entered and exited before M.W. came out, followed by appellant eight seconds later. The investigating officer mistakenly did not preserve video clips that showed the encounter in the crosswalk, as well as appellant's walking around the transportation center and entering and exiting the lobby and restroom before M.W.'s return.

The court denied a continuance to allow the defense to subpoena an uncooperative witness, about whom information had been disclosed during trial. It also denied appellant's motion for acquittal under Penal Code section 1118.1. In closing argument, defense counsel challenged M.W.'s credibility, suggesting he met appellant in the bathroom on purpose for some unknown reason. Defense counsel also challenged the investigating officer's failure to preserve all surveillance video clips.

Before the jury returned a verdict on March 14, 2014, the court found appellant had violated his probation. It struck one of his two prior strike convictions and sentenced him to a high term of 18 months in prison under Penal Code section 664, doubled to 36 months. Appellant was awarded 689 days of credit, which consisted of credit for the drug program he had completed in 2011, plus 162 days of custody credit and 162 days of work credit. The jury then found appellant guilty on the misdemeanor charge. The court sentenced him to a concurrent year in jail for the misdemeanor. In case No. B256119, appellant filed a notice of appeal from "the judgment rendered on March 14, 2014," "[f]ollowing conviction at trial."

3

At a subsequent hearing on May 22, 2014, the court acknowledged it had incorrectly treated appellant's 2010 possession conviction as an attempt under Penal Code section 664.  It doubled the high term of three years for a total of six years and awarded 829 days in credit, including additional custody and work credit for the period after the original sentencing date.  On June 2, 2014, appellant moved for a sentence modification on the ground that his prior strike convictions could not be used for sentencing purposes because they must have been stricken when he originally was sentenced to probation, even though the record did not reflect they were.  The court denied the motion.  Appellant filed a notice of appeal in case No. B256647, captioned "PROBATION VIOLATION," which contested "the judgment rendered on May 22, 2014."

We consolidated case No. B256647 with case No. B256119, on the representation of appellant's appointed counsel that both appeals challenged the judgment on the probation violation.  We also granted appellant's petition for writ of mandate in case No. B257720, which sought to compel the Appellate Division of the Superior Court to accept his late appeal from the misdemeanor conviction.

## DISCUSSION

We lack jurisdiction to consider issues related to the trial on the misdemeanor charge and may consider only issues related to the judgment on the probation violation. (*People v. Nickerson* (2005) 128 Cal.App.4th 33, 36 [Court of Appeal has jurisdiction over felony appeals; misdemeanor appeals are within jurisdiction of appellate divisions of superior courts];  *People v. Shoup* (2001) 89 Cal.App.4th 420, 421–422 [striking briefs related to trial of misdemeanor case because court had jurisdiction only to consider felony probation revocation].)

4

The trial court has broad discretion to revoke probation based on facts showing a willful violation of the terms and conditions of probation. (*People v. Galvan* (2007) 155 Cal.App.4th 978, 982.) The procedural and evidentiary rules are relaxed at probation revocation proceedings, and the burden of proof is prepondenrance of the evidence. (*Jones v. Superior Court* (2004) 115 Cal.App.4th 48, 60–61.) Our review of a probation revocation decision is deferential because circumstances often may justify revoking probation even if they do not warrant a conviction. (*People v. Urke* (2011) 197 Cal.App.4th 766, 773.) As a condition of probation, appellant was required to obey all laws. The evidence adduced at trial supported the court's conclusion that appellant violated his probation, regardless of whether it was sufficient to support his misdemeanor conviction.

In his letter brief, appellant complains about the six-year sentence the court imposed on May 22, 2014. He claims he was improperly resentenced to "3 years double-up 6 years with 80%. I have never done 80% since I been doing time.[1] All I want is my half time back, decrease my sentence, or release me. All this goes back to 2010. . . ."

The three-year sentence the court originally imposed in March 2014 was based on the admittedly mistaken conclusion that appellant's 2010 conviction was punishable as an attempt under Penal Code section 664, rather than under Penal Code section 18. (*People v. Allan* (1996) 49 Cal.App.4th 1507, 1516 [felony possession of controlled substance (Health & Saf. Code, § 11350, subd. (a)) is subject to sentence range of 16 months to 3 years (Pen. Code, § 18)].)

Appellant essentially contends he should not have been sentenced as a second striker. The court was not precluded from imposing such a sentence. If at the time it

---

[1] We assume that the reference to "80%" is a reference to the 20 percent limit on postsentence prison worktime credits under the Three Strikes law. (*People v. Buckhalter* (2001) 26 Cal.4th 20, 32.)

5

grants probation the court suspends execution of the sentence it imposes and the sentence is not timely challenged, then the court may not change the originally imposed sentence upon revoking probation; however, if it suspends imposition of a sentence, the court ultimately may select any originally available sentencing option. (*People v. Howard* (1997) 16 Cal.4th 1081, 1084.) There is no indication that the court struck both of appellant's prior strikes or imposed a suspended three-year sentence either in 2010 or 2011. In 2010, when it ordered appellant to complete a drug program, the court warned he would be subject to a three-year "minimum," not maximum, if he failed. In 2011, the court imposed a three-year probation but suspended imposition of a sentence. (Pen. Code, § 1203.1, subd. (a) [probation may continue for term not exceeding maximum possible sentence].) Because the court did not actually impose a sentence when it granted probation, it was free to sentence appellant under all available options, including as a second striker.

Appellant also suggests that since he had to serve one year in county jail for his misdemeanor conviction, it was unfair to punish him twice. Appellant was not punished twice for the same crime because the sentence imposed upon revocation of probation was for his 2010 felony conviction, not his 2014 misdemeanor conviction.

We have independently reviewed the record for potential error under *People v. Kelly* (2006) 40 Cal.4th 106, and find no arguable issues.

6

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EPSTEIN, P. J.

We concur:


MANELLA, J.


COLLINS, J.