Filed 9/30/20  P. v. Deonbi CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KOFI DEONBI,<br><br>    Defendant and Appellant. | B295915<br><br>(Los Angeles County<br>Super. Ct. No. TA143921) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Pat Connolly, Judge.  Dismissed in part and affirmed as modified.

James R. Bostwick, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews and Roberta L. Davis, Deputy Attorneys General, for Plaintiff and Respondent.

# I.    INTRODUCTION

Defendant and appellant Kofi Deonbi entered a plea of no contest to second degree commercial burglary (Pen. Code, § 459[1]) and admitted the allegations that he suffered two prior convictions within the meaning of the Three Strikes Law (§§ 667, subd. (d) & 1170.12, subd. (b)) and section 667.5, subdivision (b). The trial court denied defendant's subsequent motion to withdraw his plea and sentenced him to eight years in state prison.  On appeal, defendant contends the trial court abused its discretion in denying his motion to withdraw his plea; under section 1192.5, he was entitled to withdraw his plea; and we must strike his section 667.5, subdivision (b) sentence enhancements pursuant to Senate Bill No. 136 (Senate Bill 136).  We dismiss defendant's appeal from the trial court's denial of his motion to withdraw his plea, but order his section 667.5, subdivision (b) sentence enhancements stricken.

# II.    PROCEDURAL BACKGROUND[2]

After entering his no contest plea, defendant, who was out of custody on bail, failed to appear at his sentencing hearing.  The trial court ordered defendant's bail forfeited and issued a bench warrant.  After defendant was taken into custody, he moved to

---

[1]    All further statutory citations are to the Penal Code unless otherwise stated.

[2]    Because defendant pleaded no contest, we omit a factual recitation of the underlying offense.

withdraw his plea. The court denied the motion and sentenced defendant to eight years in state prison.

## III. DISCUSSION

### A. *Defendant's Motion to Withdraw His No Contest Plea*

Defendant makes two arguments that the trial court erred in failing to allow him to withdraw his no contest plea. First, he argues his plea was the product of the court's improper plea bargaining.[3] Second, he argues the purported resulting plea agreement violated the plea bargaining principles in section 1192.5 because the prosecutor objected to, and thus did not accept the "plea agreement"; the court failed to advise him that its approval was not binding and could be withdrawn; and the court imposed a longer sentence than the "plea agreement" provided for without advising him of his right to withdraw his plea. Because defendant failed to obtain a certificate of probable cause, we dismiss this part of his appeal.

---

[3] (See *People v. Orin* (1975) 13 Cal.3d 937, 943 ["In the instant case it is undisputed that the prosecution did not agree to the arrangement by which the charges against defendant were disposed of; it is therefore clear that the matter under consideration herein does not involve a plea bargain"]; *People v. Allan* (1996) 49 Cal.App.4th 1507, 1516 ["In an indicated sentence, a defendant admits all charges, including any special allegations and the trial court informs the defendant what sentence will be imposed. No 'bargaining' is involved because no charges are reduced. [Citations.] In contrast to plea bargains, no prosecutorial consent is required. [Citation.]"].)

Pursuant to section 1237.5,[4] a defendant must obtain a certificate of probable cause in order to appeal "'from a judgment of conviction upon a plea of guilty or nolo contendere.'" (*People v. Johnson* (2009) 47 Cal.4th 668, 676.) "Whether the appeal seeks a ruling by the appellate court that the guilty plea was invalid, or merely seeks an order for further proceedings aimed at obtaining a ruling by the trial court that the plea was invalid, the primary purpose of section 1237.5 is met by requiring a certificate of probable cause for an appeal whose purpose is, ultimately, to invalidate a plea of guilty or no contest." (*Id.* at p. 682.) A certificate is not required if the appeal is based on "[g]rounds that arose after entry of the plea and do not affect the plea's validity." (Cal. Rules of Court, rule 8.304(b)(4)(B); *People v. Cuevas* (2008) 44 Cal.4th 374, 379 (*Cuevas*).) The crucial issue is whether in substance the defendant is challenging the validity of his or her plea. (*Cuevas, supra*, 44 Cal.4th at p. 381.)

Here, defendant appeals from a judgment of conviction based on a no contest plea. "Because defendant's 'essential attack is on the validity of his plea, he is subject to . . . section 1237.5 even if he raises the question after the plea, by the vehicle

---

[4]    Section 1237.5 provides:

"No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere, or a revocation of probation following an admission of violation, except where both of the following are met:

"(a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings.

"(b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court."

of a motion to withdraw.' [Citations.]" (*People v. Castelan* (1995) 32 Cal.App.4th 1185, 1187 (*Castelan*).)  Defendant did not seek or obtain a certificate of probable cause, which renders his appeal ineffective.  (§ 1237.5; *People v. Johnson, supra*, 47 Cal.4th at pp. 676, 682; Cal. Rules of Court, rule 8.304(b)(4)(B); *Cuevas, supra*, 44 Cal.4th at pp. 379, 381.)[5]  Accordingly, we dismiss defendant's appeal from the trial court's denial of his motion to withdraw his plea.

B.      *Section 667.5, Subdivision (b) Enhancements*

On October 8, 2019, the Governor signed Senate Bill 136, which became effective on January 1, 2020.  Senate Bill 136 amended section 667.5, subdivision (b) to provide, in relevant part:  "Except where subdivision (a) applies, where the new offense is any felony for which a prison sentence or a sentence of imprisonment in a county jail . . . is imposed or is not suspended, in addition and consecutive to any other sentence therefor, the court shall impose a one-year term for each prior separate prison term for a sexually violent offense as defined in subdivision (b) of [s]ection 6600 of the Welfare and Institutions Code . . . ."  Thus, Senate Bill 136 amended section 667.5, subdivision (b) to eliminate the one-year sentence enhancement for prior prison terms other than those imposed for sexually violent offenses.

Defendant contends that Senate Bill 136 is retroactive under *In re Estrada* (1965) 63 Cal.2d 740 and that we should

---

[5]      Had defendant requested a certificate of probable cause and the trial denied that request, defendant could have sought relief from that denial by filing a petition for a writ of mandate. (*Castelan, supra*, 32 Cal.App.4th at p. 1188.)

strike his two one-year section 667.5, subdivision (b) sentence enhancements as neither of his prior prison terms was served for a sexually violent offense.[6]  The Attorney General agrees as do we.  Accordingly, we order the section 667.5, subdivision (b) sentence enhancements stricken.

---

[6]    Defendant was not required to obtain a certificate of probable cause to appeal from the trial court's imposition of sentence under section 667.5, subdivision (b).  (*People v. Matthews* (2020) 47 Cal.App.5th 857, 862–864.)

## IV.   DISPOSITION

Defendant's appeal from the trial court's denial of his motion to withdraw his plea is dismissed.  The judgment is modified to reflect that defendant's two one-year enhancements imposed under 667.5, subdivision (b) are stricken.  As so modified, the judgment is affirmed.  The clerk of the superior court is directed to prepare an amended abstract of judgment and to forward it to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


KIM, J.


We concur:



BAKER, Acting P. J.



MOOR, J.


7